**F I L E D**

DEC 1 3 2007   NF

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA )
)   No. **07CR    837**
v. )
)   Violations: Title 26, United States
CHRISTOPHER G. KELLY )   Code, Sections 7206(1), 7206(2) and
)   7212(a); Title 31, United States
)   Code, Sections 5313(a) and
)   5324(a)(3); and Title 18, United
)   States Code, Section 2

**JUDGE BUCKLO**

## COUNT ONE

*MAGISTRATE JUDGE SCHENKIER*

THE SPECIAL AUGUST 2006-2 GRAND JURY charges:

1.   At times material to this indictment:

     a.   The Internal Revenue Service was an agency of the United States Department of the Treasury, responsible for administering and enforcing the tax laws of the United States. Under these laws, individuals and corporations were required to accurately report income to the Internal Revenue Service on income tax return forms. If a taxpayer failed accurately to report or pay his or her tax liability, the Internal Revenue Service could calculate, assess, and attempt to collect the correct tax liability.

     b.   Defendant CHRISTOPHER G. KELLY was the president and owner of BCI Commercial Roofing, Inc. and CGK Consulting, Inc. Defendant CHRISTOPHER G. KELLY was required to file a U.S. Individual Income Tax Return (Form 1040 with schedules and attachments) each year with the Internal Revenue Service accurately reporting his income.

     c.   BCI Commercial Roofing, Inc. ("BCI Roofing") was in the business of providing commercial roofing services and maintained an office at 3062 West 167th Street in Markham, Illinois. BCI Roofing was required to file a U.S. Income Tax Return for a

1

Corporation (Form 1120 with schedules and attachments) each year with the Internal Revenue Service accurately reporting its gross receipts and expenses, and its ordinary income on the Form 1120. BCI Roofing maintained a corporate bank account at Heritage Bank in Chicago Heights, Illinois.

      d.    CGK Consulting, Inc. ("CGK Consulting") held itself out as being in the business of providing consulting services and maintained an office in the same space as BCI Roofing at 3062 West 167th Street in Markham, Illinois. CGK Consulting was a Subchapter S corporation and therefore required to file a U.S. Income Tax Return for an S Corporation (Form 1120S with schedules and attachments) each year with the Internal Revenue Service accurately reporting its gross receipts and expenses, and its ordinary income on the Form 1120S. Net business income or loss, after deduction of expenses, had to be reported on defendant CHRISTOPHER G. KELLY's U.S. Individual Income Tax Return (Form 1040 with schedules and attachments). CGK Consulting maintained a corporate bank account at Heritage Bank in Chicago Heights, Illinois.

      e.    Defendant CHRISTOPHER G. KELLY retained a tax preparer to prepare his individual federal income tax return (Form 1040) as well as the corporate federal income tax returns of BCI Roofing (Form 1120) and CGK Consulting (Form 1120S). Defendant CHRISTOPHER G. KELLY had a legal duty and obligation, under the Internal Revenue Code and regulations and rules issued thereunder, to report accurately all income that he had received from BCI Roofing, CGK Consulting, or other sources, during a particular year on the annual joint federal income tax return that he filed, and, as a signatory on the corporate returns, to insure the accuracy of BCI Roofing's and CGK Consulting's tax returns.

      f.    As president and owner of BCI Roofing and CGK Consulting, defendant

CHRISTOPHER G. KELLY maintained financial control over the two companies, determined how the companies spent money, and determined how each company categorized its expenditures for purposes of calculating both defendant CHRISTOPHER G. KELLY's personal income as well as the business expenses of the companies.

g.     Individual A, with the assistance of, among others, Individual B, ran a bookmaking operation in Illinois in connection with which Individual A accepted wagers from bettors on a variety of sporting events, including professional and college football, professional and college basketball, baseball, and horse racing. Defendant CHRISTOPHER G. KELLY placed millions of dollars of wagers with Individual A.

h.     Title 31, United States Code, Section 5313(a), and Title 31, Code of Federal Regulations, Section 103.22 required domestic financial institutions to prepare and file with the Internal Revenue Service a Currency Transaction Report (Form 4789) for any transaction involving currency of more than $10,000.

2.     Beginning no later than 2000, and continuing through approximately April 2006, in the Northern District of Illinois, Eastern Division, and elsewhere,

CHRISTOPHER G. KELLY,

defendant herein, corruptly obstructed and impeded and endeavored to obstruct and impede the Internal Revenue Service in the due administration of Title 26, United States Code, namely the correct identification and reporting of income, and assessment and collection of income taxes due the United States.

3.     It was part of the corrupt endeavor that defendant CHRISTOPHER G. KELLY: (a) used business funds to pay for certain of his personal expenses and thereafter concealed the true nature of the payment of his personal expenses through the improper booking of the

3

payments in the corporate general ledgers as well as the creation of documents falsely describing the nature of the payments; (b) structured cash withdrawals from banks for his benefit through the use of third parties and concealed the nature of certain of the cash withdrawals by creating false entries in BCI Roofing's general ledger that made the cash withdrawals appear to be legitimate business expenses; and (c) used third parties to pay portions of his illegal gambling debts, all of which impeded the Internal Revenue Service's ability to properly ascertain defendant CHRISTOPHER G. KELLY's income and income taxes, as further described in the paragraphs below.

### Defendant's Use and Concealment of Business Funds to Pay for Personal Expenses

4.    It was further part of the corrupt endeavor that defendant CHRISTOPHER G. KELLY caused BCI Roofing to use corporate funds to pay gambling debts for certain of defendant CHRISTOPHER G. KELLY's losing wagers placed with Individual A, and, on at least one occasion, hid the use of corporate funds to pay a gambling debt to Individual A by ordering the gambling debt payment to Individual A be falsely recorded in BCI Roofing's financial books as a loan from BCI Roofing to Individual A.

5.    It was further part of the corrupt endeavor that defendant CHRISTOPHER G. KELLY placed millions of dollars of wagers with casinos in Las Vegas, Nevada, and thereafter caused BCI Roofing to use corporate funds to pay for certain of defendant CHRISTOPHER G. KELLY's losing wagers placed in Las Vegas, Nevada, and, thereafter, on at least one occasion, hid the use of corporate funds to pay a gambling debt to a casino by ordering the preparation of false internal BCI Roofing documentation to make it appear that defendant CHRISTOPHER G. KELLY's payment of a gambling debt was a legitimate business expense incurred by BCI Roofing as part of a roofing contract for an airline.

4

6.    It was further part of the corrupt endeavor that defendant CHRISTOPHER G. KELLY caused BCI Roofing to use corporate funds to partially pay for a home that defendant CHRISTOPHER G. KELLY purchased in Burr Ridge, Illinois.

7.    It was further part of the corrupt endeavor that defendant CHRISTOPHER G. KELLY caused BCI Roofing and CGK Consulting to use corporate funds to pay for various items and services for defendant CHRISTOPHER G. KELLY's home, including, among others, electronic equipment, hardwood floors, drapery, and lawn maintenance, and, thereafter, on multiple occasions, hid the use of corporate funds to pay for various items and services for defendant CHRISTOPHER G. KELLY's home by ordering the preparation of false internal BCI Roofing documentation to make it appear that defendant CHRISTOPHER G. KELLY's payments for items and services for his home were legitimate business expenses incurred by BCI Roofing as part of various roofing contracts for, among others, airlines and an electric company.

8.    It was further part of the corrupt endeavor that defendant CHRISTOPHER G. KELLY concealed from his tax preparer and the Internal Revenue Service the use of corporate money for his personal expenses by directing the creation of documents that falsely stated that BCI Roofing had incurred certain expenses as part of its normal course of business and pursuant to certain roofing jobs undertaken by BCI Roofing when, in fact, no such business expenses had been incurred by BCI Roofing as part of its work on those jobs but, rather, the corporate funds had been used to pay personal expenses for defendant CHRISTOPHER G. KELLY.

9.    It was further part of the corrupt endeavor that defendant CHRISTOPHER G. KELLY concealed from his tax preparer and the Internal Revenue Service the use of corporate money for his personal expenses by directing that certain personal expenses be booked in BCI Roofing's and CGK Consulting's general ledgers as business expenses when, in fact, the

expenses were not business expenses but were solely for the benefit of defendant CHRISTOPHER G. KELLY.

10.    It was further part of the corrupt endeavor that defendant CHRISTOPHER G. KELLY, as a result of his concealment, caused the preparation of false and fraudulent individual federal income tax returns from 2001 to 2005 understating defendant CHRISTOPHER G. KELLY's true income by over $1,000,000, and, thereafter, defendant CHRISTOPHER G. KELLY caused the false and fraudulent tax returns to be submitted to the Internal Revenue Service.

11.    It was further part of the corrupt endeavor that defendant CHRISTOPHER G. KELLY, as a result of his concealment and his directing the fraudulent classification of certain personal expenses as business expenses on BCI Roofing's and CGK Consulting's general ledgers, caused the preparation of false and fraudulent corporate federal income tax returns for BCI Roofing and CGK Consulting from 2000 to 2005, understating BCI Roofing's and CGK Consulting's true income by over $300,000, and, thereafter, defendant CHRISTOPHER G. KELLY caused the false and fraudulent tax returns to be submitted to the Internal Revenue Service.

6

## Defendant's Structuring to Obtain Cash

12.    It was further part of the corrupt endeavor that from approximately September 20, 2004, through approximately September 23, 2004, defendant CHRISTOPHER G. KELLY concealed his personal receipt of cash, and sought to avoid the filing of Currency Transaction Reports with respect to his cash transactions, by depositing and cashing, and causing the depositing and cashing of, the following checks drawn on either the account of BCI Roofing or CGK Consulting in amounts of less than $10,000, of which the cash proceeds were all returned to defendant CHRISTOPHER G. KELLY:

| Payee | Amount |
|---|---|
| INDIVIDUAL C | $9,450 |
| INDIVIDUAL C'S CHILD | $9,500 |
| INDIVIDUAL C'S SPOUSE | $9,700 |
| CHRISTOPHER G. KELLY CHILD #1 | $9,750 |
| CHRISTOPHER G. KELLY CHILD #2 | $9,750 |
| CHRISTOPHER G. KELLY CHILD #3 | $9,750 |
| CHRISTOPHER G. KELLY'S SPOUSE | $9,400 |
| CHRISTOPHER G. KELLY | $9,800 |
| CASH | $9,500 |
| Total: | $86,600 |

13.    It was further part of the corrupt endeavor that on approximately September 21, 2004, defendant CHRISTOPHER G. KELLY contacted Individual C for the purpose of requesting Individual C's help in cashing a check for under $10,000 for defendant CHRISTOPHER G. KELLY and thereafter returning the cash to defendant CHRISTOPHER G. KELLY.

14.    It was further part of the corrupt endeavor that on approximately September 21, 2004, after Individual C agreed to cash a check for defendant CHRISTOPHER G. KELLY, defendant CHRISTOPHER G. KELLY provided Individual C with a BCI Roofing check for $9,500 that defendant CHRISTOPHER G. KELLY had caused to be made payable to Individual

7

C's four-year old child, so that Individual C could cash the check and return the cash to defendant CHRISTOPHER G. KELLY.

15.    It was further part of the corrupt endeavor that on approximately September 22, 2004, defendant CHRISTOPHER G. KELLY again contacted Individual C for the purpose of requesting Individual C's help in cashing checks for under $10,000 for defendant CHRISTOPHER G. KELLY and thereafter returning the cash to defendant CHRISTOPHER G. KELLY.

16.    It was further part of the corrupt endeavor that on approximately September 22, 2004, after Individual C again agreed to cash checks for defendant CHRISTOPHER G. KELLY, defendant CHRISTOPHER G. KELLY provided Individual C with a CGK Consulting check for $9,700 that defendant CHRISTOPHER G. KELLY had caused to be made payable to Individual C's spouse, and a BCI Roofing check for $9,450 that defendant CHRISTOPHER G. KELLY had caused to be made payable to Individual C, so that Individual C could cash the checks and return the cash to defendant CHRISTOPHER G. KELLY.

17.    It was further part of the corrupt endeavor that on approximately September 23, 2004, Individual C agreed to meet with defendant CHRISTOPHER G. KELLY to provide defendant CHRISTOPHER G. KELLY with cash generated from the deposit of the checks that defendant CHRISTOPHER G. KELLY had provided to Individual C and, after withdrawing the cash from his bank accounts, Individual C met defendant CHRISTOPHER G. KELLY in a nearby parking lot and provided approximately $28,650 in cash to defendant CHRISTOPHER G. KELLY.

8

### Defendant's Use of Third Parties to Pay Gambling Debts

18.     It was further part of the corrupt endeavor that in approximately early 2005, after losing a large sum of money to Individual A in connection with sports wagers, defendant CHRISTOPHER G. KELLY agreed to make a partial payment of his debt to Individual A. As set forth further below, defendant CHRISTOPHER G. KELLY thereafter made efforts to conceal the source and nature of payments on his gambling debt to Individual A, thereby impeding the ability of the Internal Revenue Service to properly ascertain defendant CHRISTOPHER G. KELLY's income and to ascertain the correct amount of income taxes due.

19.     It was further part of the corrupt endeavor that in approximately early 2005, for the benefit of defendant CHRISTOPHER G. KELLY in paying off a gambling debt to Individual A, Individual D arranged for and executed a wire transfer of approximately $79,140 from a bank account in Saudi Arabia to a bank account in Florida ("Florida Bank Account").

20.     It was further part of the corrupt endeavor that in approximately early 2005, after learning that the approximately $79,140 wire transfer had not been credited to the Florida bank account, defendant CHRISTOPHER G. KELLY arranged for the wire transfer of approximately $45,000 from a pizza company in Chicago, Illinois, to Individual A's bank account in Kankakee, Illinois.

21.     It was further part of the corrupt endeavor that, on at least one other occasion, defendant CHRISTOPHER G. KELLY attempted to pay a portion of his gambling debt to Individual A by tendering to Individual A multiple checks, each made out for thousands of dollars and with the payee line left blank, from a second pizza company.

All in violation of Title 26, United States Code, Section 7212(a).

9

## COUNT TWO

THE SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraph 1 of Count One of this indictment.

2.    From approximately 2000 to approximately 2005, defendant CHRISTOPHER G. KELLY caused BCI Roofing and CGK Consulting to pay certain personal expenses out of the corporate bank accounts and, thereafter, fraudulently record those expenditures as business expenses. Among other of his personal expenses, defendant CHRISTOPHER G. KELLY caused BCI Roofing or CGK Consulting to pay for: (a) gambling debts that defendant CHRISTOPHER G. KELLY incurred through certain losing wagers placed with Individual A and Individual B; (b) gambling debts that defendant CHRISTOPHER G. KELLY incurred through certain losing wagers placed with a casino located in Las Vegas, Nevada; and (c) items and services for defendant CHRISTOPHER G. KELLY's home, including electronic equipment, hardwood floors, drapery, and lawn maintenance.

3.    Defendant CHRISTOPHER G. KELLY concealed from his tax preparer and the Internal Revenue Service the use of corporate money for his personal expenses by, among other things, (a) directing the creation of falsified documents that stated that BCI Roofing had incurred certain expenses as part of its normal course of business and pursuant to certain roofing jobs it was completing when, in fact, no such business expenses had been incurred by BCI Roofing as part of its work on those jobs, and (b) directing that certain personal expenses be booked in BCI Roofing's and CGK Consulting's general ledgers as business expenses when, in fact, the expenses were not business expenses but were solely for the benefit of defendant CHRISTOPHER G. KELLY. As a result, defendant CHRISTOPHER G. KELLY caused the

10

preparation of false and fraudulent individual income tax returns understating defendant CHRISTOPHER G. KELLY's true gross income and income taxes due and owing, and, thereafter, defendant CHRISTOPHER G. KELLY signed and submitted the false and fraudulent tax returns to the Internal Revenue Service.

4.     As a result of defendant CHRISTOPHER G. KELLY's directing the fraudulent classification of certain personal expenses as business expenses on BCI Roofing's and CGK Consulting's general ledgers, defendant CHRISTOPHER G. KELLY caused the preparation and filing of false and fraudulent corporate federal income tax returns for BCI Roofing and CGK Consulting from 2000 to 2005.

5.     On or about April 15, 2002, in the Northern District of Illinois, Eastern Division,

CHRISTOPHER G. KELLY,

defendant herein, willfully made, subscribed and caused to be made and subscribed, a joint U.S. Individual Income Tax Return, Form 1040 (with attachments), for the calender year 2001, which was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which income tax return he did not believe to be true and correct as to every material matter, in that the said return reported on Line 22 a total income of $829,298, whereas the defendant then and there well knew and believed that his total income substantially exceeded $829,298, in that defendant failed to include additional gross income he received in 2001 from his businesses;

In violation of Title 26, United States Code, Section 7206(1).

11

## COUNT THREE

THE SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.     The Grand Jury realleges and incorporates by reference paragraph 1 of Count One and paragraphs 2 through 4 of Count Two of this indictment.

2.     On or about April 15, 2003, in the Northern District of Illinois, Eastern Division,

CHRISTOPHER G. KELLY,

defendant herein, willfully made, subscribed and caused to be made and subscribed, a joint U.S. Individual Income Tax Return, Form 1040 (with attachments), for the calender year 2002, which was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which income tax return he did not believe to be true and correct as to every material matter, in that the said return reported on Line 22 a total income of $1,099,629, whereas the defendant then and there well knew and believed that his total income substantially exceeded $1,099,629, in that defendant failed to include additional gross income he received in 2002 from his businesses;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FOUR

THE SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraph 1 of Count One and paragraphs 2 through 4 of Count Two of this indictment.

2.    On or about April 8, 2004, in the Northern District of Illinois, Eastern Division,

### CHRISTOPHER G. KELLY,

defendant herein, willfully made, subscribed and caused to be made and subscribed, a joint U.S. Individual Income Tax Return, Form 1040 (with attachments), for the calender year 2003, which was verified by written declaration that it was made under the penalties of perjury (which contained the defendant's PIN), and was filed electronically with the Internal Revenue Service, which income tax return he did not believe to be true and correct as to every material matter, in that the said return reported on Line 22 a total income of $756,264, whereas the defendant then and there well knew and believed that his total income substantially exceeded $756,264, in that defendant failed to include additional gross income he received in 2003 from his businesses;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FIVE

THE SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.      The Grand Jury realleges and incorporates by reference paragraph 1 of Count One and paragraphs 2 through 4 of Count Two of this indictment.

2.      On or about April 14, 2005, in the Northern District of Illinois, Eastern Division,

### CHRISTOPHER G. KELLY,

defendant herein, willfully made, subscribed and caused to be made and subscribed, a joint U.S. Individual Income Tax Return, Form 1040 (with attachments), for the calender year 2004, which was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which income tax return he did not believe to be true and correct as to every material matter, in that the said return reported on Line 22 a total income of $1,273,405, whereas the defendant then and there well knew and believed that his total income substantially exceeded $1,273,405, in that defendant failed to include additional gross income he received in 2004 from his businesses;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT SIX

THE SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.     The Grand Jury realleges and incorporates by reference paragraph 1 of Count One and paragraphs 2 through 4 of Count Two of this indictment.

2.     On or about April 12, 2006, in the Northern District of Illinois, Eastern Division,

### CHRISTOPHER G. KELLY,

defendant herein, willfully made, subscribed and caused to be made and subscribed, a joint U.S. Individual Income Tax Return, Form 1040 (with attachments), for the calender year 2005, which was verified by written declaration that it was made under the penalties of perjury (which contained defendant's PIN), and was electronically filed with the Internal Revenue Service, which income tax return he did not believe to be true and correct as to every material matter, in that the said return reported on Line 22 a total income of $1,335,270, whereas the defendant then and there well knew and believed that his total income substantially exceeded $1,335,270, in that defendant failed to include additional gross income he received in 2005 from his businesses;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT SEVEN

THE SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1. The Grand Jury realleges and incorporates by reference paragraph 1 of Count One and paragraphs 2 through 4 of Count Two of this indictment.

2. On or about January 9, 2002, in the Northern District of Illinois, Eastern Division,

### CHRISTOPHER G. KELLY,

defendant herein, willfully made, subscribed and caused to be made and subscribed, a false and fraudulent United States Corporate Income Tax Return (Form 1120) and accompanying Schedules, on behalf of BCI Commercial Roofing, Inc., for the tax year beginning October 1, 2000 and ending September 30, 2001, which was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which corporate income tax return he did not believe to be true and correct as to every material matter, in that the said return reported on Line 2 a cost of goods sold of $3,341,572, on Line 30 a taxable income of $422,393, and on Line 31 a total tax of $143,614, whereas the defendant then and there well knew and believed that BCI Commercial Roofing Inc.'s costs of goods sold was substantially less than the number reported and that BCI Commercial Roofing Inc.'s taxable income and total tax were substantially in excess of the numbers reported, in that defendant falsely deducted certain personal expenses as business expenses on the tax return;

In violation of Title 26, United States Code, Section 7206(1).

16

## COUNT EIGHT

THE SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraph 1 of Count One and paragraphs 2 through 4 of Count Two of this indictment.

2.    On or about December 5, 2002, in the Northern District of Illinois, Eastern Division,

### CHRISTOPHER G. KELLY,

defendant herein, willfully made, subscribed and caused to be made and subscribed, a false and fraudulent United States Corporate Income Tax Return (Form 1120) and accompanying Schedules, on behalf of BCI Commercial Roofing, Inc., for the tax year beginning October 1, 2001 and ending September 30, 2002, which was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which corporate income tax return he did not believe to be true and correct as to every material matter, in that the said return reported on Line 2 a cost of goods sold of $4,574,312, on Line 30 a taxable income of $966,860, and on Line 31 a total tax of $328,732, whereas the defendant then and there well knew and believed that BCI Commercial Roofing Inc.'s costs of goods sold was substantially less than the number reported and that BCI Commercial Roofing Inc.'s taxable income and total tax were substantially in excess of the numbers reported, in that defendant falsely deducted certain personal expenses as business expenses on the tax return;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT NINE

THE SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.    The Grand Jury realleges and incorporates by reference paragraph 1 of Count One and paragraphs 2 through 4 of Count Two of this indictment.

2.    On or about December 4, 2003, in the Northern District of Illinois, Eastern Division,

### CHRISTOPHER G. KELLY,

defendant herein, willfully made, subscribed and caused to be made and subscribed, a false and fraudulent United States Corporate Income Tax Return (Form 1120) and accompanying Schedules, on behalf of BCI Commercial Roofing, Inc., for the tax year beginning October 1, 2002 and ending September 30, 2003, which was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which corporate income tax return he did not believe to be true and correct as to every material matter, in that the said return reported on Line 2 a cost of goods sold of $2,482,407, on Line 30 a taxable income of $862,879, and on Line 31 a total tax of $293,379, whereas the defendant then and there well knew and believed that BCI Commercial Roofing Inc.'s costs of goods sold was substantially less than the number reported and that BCI Commercial Roofing Inc.'s taxable income and total tax were substantially in excess of the numbers reported, in that defendant falsely deducted certain personal expenses as business expenses on the tax return;

In violation of Title 26, United States Code, Section 7206(1).

18

## COUNT TEN

THE SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.      The Grand Jury realleges and incorporates by reference paragraph 1 of Count One and paragraphs 2 through 4 of Count Two of this indictment.

2.      On or about December 3, 2004, in the Northern District of Illinois, Eastern Division,

### CHRISTOPHER G. KELLY,

defendant herein, willfully made, subscribed and caused to be made and subscribed, a false and fraudulent United States Corporate Income Tax Return (Form 1120) and accompanying Schedules, on behalf of BCI Commercial Roofing, Inc., for the tax year beginning October 1, 2003 and ending September 30, 2004, which was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which corporate income tax return he did not believe to be true and correct as to every material matter, in that the said return reported on Line 2 a cost of goods sold of $2,904,133, on Line 30 a taxable income of $893,428, and on Line 31 a total tax of $303,766, whereas the defendant then and there well knew and believed that BCI Commercial Roofing Inc.'s costs of goods sold was substantially less than the number reported and that BCI Commercial Roofing Inc.'s taxable income and total tax were substantially in excess of the numbers reported, in that defendant falsely deducted certain personal expenses as business expenses on the tax return;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT ELEVEN

THE SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.     The Grand Jury realleges and incorporates by reference paragraph 1 of Count One and paragraphs 2 through 4 of Count Two of this indictment.

2.     On or about December 12, 2005, in the Northern District of Illinois, Eastern Division,

CHRISTOPHER G. KELLY,

defendant herein, willfully procured, and aided and assisted in the preparation of, a false and fraudulent United States Corporate Income Tax Return (Form 1120) and accompanying Schedules, on behalf of BCI Commercial Roofing, Inc., for the tax year beginning October 1, 2004 and ending September 30, 2005, which was verified by written declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which corporate income tax return he did not believe to be true and correct as to every material matter, in that the said return reported on Line 2 a cost of goods sold of $6,718,912, on Line 30 a taxable income of $1,011,492, and on Line 31 a total tax of $343,907, whereas the defendant then and there well knew and believed that BCI Commercial Roofing Inc.'s costs of goods sold was substantially less than the number reported and that BCI Commercial Roofing Inc.'s taxable income and total tax were substantially in excess of the numbers reported, in that defendant falsely deducted certain personal expenses as business expenses on the tax return;

In violation of Title 26, United States Code, Section 7206(2).

20

## COUNT TWELVE

THE SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.     At times material to this indictment:

a.     Title 31, United States Code, Section 5313(a), and Title 31, Code of Federal Regulations, Section 103.22 required domestic financial institutions to prepare and file with the Internal Revenue Service a Currency Transaction Report (Form 4789) for any transaction involving currency of more than $10,000.

b.     Heritage Bank and Chase Bank were domestic financial institutions subject to the Currency Transaction Reporting requirements described in the preceding paragraph.

c.     Defendant CHRISTOPHER G. KELLY was the president and owner of BCI Commercial Roofing, Inc. ("BCI Roofing") and CGK Consulting, Inc. ("CGK Consulting), and had signatory authority on bank accounts for BCI Roofing and CGK Consulting at Heritage Bank.

d.     Individual C had signatory authority on personal bank accounts at Chase Bank.

2.     From on or about September 20, 2004, and continuing to on or about September 23, 2004, in the Northern District of Illinois, Eastern Division,

CHRISTOPHER G. KELLY,

defendant herein, did knowingly and for the purpose of evading reporting requirements of Title 31, United States Code, Section 5313(a), and Title 31, Code of Federal Regulations, Section 103.22, structure and assist in structuring transactions with domestic financial institutions, namely Heritage Bank and Chase Bank, by depositing and cashing and causing the deposit and

21

cashing of checks under $10,000 as set forth below:

| Check | Date Issued | Amount | Payee |
|---|---|---|---|
| BCI Roofing #7379 | September 20, 2004 | $9,750 | Defendant KELLY's Child #1 |
| BCI Roofing #7380 | September 20, 2004 | $9,400 | Defendant KELLY's Spouse |
| BCI Roofing #7381 | September 20, 2004 | $9,800 | Defendant KELLY |
| BCI Roofing #7382 | September 20, 2004 | $9,750 | Defendant KELLY's Child #2 |
| BCI Roofing #7383 | September 20, 20004 | $9,750 | Defendant KELLY's Child #3 |
| BCI Roofing #7384 | September 20, 2004 | $9,450 | Individual C |
| BCI Roofing #7385 | September 20, 2004 | $9,500 | Individual C's Child |
| CGK Consulting #590 | September 20, 2004 | $9,700 | Individual C's Spouse |
| BCI Roofing #43304 | September 21, 2004 | $9,500 | Cash |

In violation of Title 31, United States Code, Sections 5313(a) and 5324(a)(3), and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION

THE SPECIAL AUGUST 2006-2 GRAND JURY further charges:

1.      The allegations contained in Count Twelve of this Indictment are realleged and incorporated by reference as if fully restated herein for the purpose of alleging that certain property is subject to forfeiture to the United States, pursuant to Title 31, United States Code, Section 5317.

2.      As a result of his violations of Title 31, United States Code, Section 5324(a)(3), as alleged in Count Twelve,

CHRISTOPHER G. KELLY,

defendant herein, shall forfeit to the United States, pursuant to Title 31, United States Code, Section 5317, any and all right, title, and interest he may have in any property, real and personal, involved in and traceable to such violations, which property is subject to forfeiture pursuant to Title 31, United States Code, Section 5317(c)(1)(A).

3.      The interests of the defendant subject to forfeiture to the United States pursuant to Title 31, United States Code, Section 5317(c)(1)(A), include, but are not limited to: (1) all funds in the amount of $86,600 that were the subject of each transaction; and (2) all property used in any manner or part to commit or to facilitate the aforementioned violation of Title 31, United States Code, Section 5324.

4.      By virtue of the commission of the offenses charged in Count Twelve of this Indictment by the defendant, all right, title or interest that defendant has in the above-described funds is vested in the United States and hereby forfeit pursuant to Title 31, United States Code, Section 5317(c)(1)(A).

5.      If any of the funds described above as being subject to forfeiture pursuant to Title

23

31, United States Code, Section 5317, as a result of any act or omission of the defendant:

a.    cannot be located upon the exercise of due diligence;

b.    has been transferred to, sold to, or deposited with a third person;

c.    has been placed beyond the jurisdiction of the Court;

d.    has been substantially diminished in value;

e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 31, United States Code, Section 5317(c)(1)(b).

All pursuant to Title 31, United States Code, Section 5317(c).


A TRUE BILL:


_____
FOREPERSON



_____
UNITED STATES ATTORNEY