**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | No. 07 CR 837 |
| | ) | Hon. Elaine Bucklo |
| CHRISTOPHER G. KELLY, | ) | Mag. Judge Schenkier |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS COUNT ONE**
**FOR FAILING TO STATE A CRIMINAL OFFENSE**

NOW COMES the Defendant, CHRISTOPHER G. KELLY, by and through his

attorneys, MONICO, PAVICH & SPEVACK, and respectfully asks this Court to issue an Order

dismissing Court One of the Indictment.

IN SUPPORT of this Motion, Defendant states as follows:

1.      Briefly summarized, in Count One the government alleges that Defendant used

money he earned from his corporate businesses to pay certain personal expenses.  It accuses him

of allegedly creating documents that falsely described the nature of the payments, structuring

cash withdrawals disguised as business expenses to third parties who would then return the

money, and using third parties to pay illegal gambling debts out of corporate funds.  The

government does not charge him with evasion but alleges that Defendant s actions impeded the

Internal Revenue Service s ability to properly ascertain Defendant s income and income taxes.

(Ind., ¶ 3).  Any reasonable reading of Count One implies that the actions allegedly taken by the

Defendant would have been prior to the filing of the tax returns or any investigation regarding

them.[1]

2.    Based on these allegations, the government has charged Defendant with violating

26 U.S.C. § 7212(a), which, in relevant part, states:

**(a) Corrupt or forcible interference**.

Whoever corruptly or by force or threats of force (including ay threatening letter
or communication) endeavors to intimidate or impede any officer or employee of the
United States acting in an official capacity under this title, or in any other way corruptly
or by force or threat of force (including any threatening letter or communication)
obstructs or impedes, or endeavors to obstruct of impede the due administration of this
title, shall, upon conviction thereof, be fined not more than $5000 or imprisoned not more
than three years or both.

3.    If the allegations the government makes are true, however, they fail to allege a

violation of 26 U.S.C. § 7212(a).  Section 7212(a) applies where a defendant takes some action

against the IRS or some other government agents in order to prevent them from ascertaining his

taxes, but that action must be done with knowledge that an investigation is on-going or at least

imminent.  In *United States v. Kassouf*, 144 F.3d 952 (6th Cir. 1998), the Court held specifically

that section 7212(a)  requires a pending IRS proceeding or investigation of which the defendant

was aware  in order to charge a violation of the statute.  The Sixth Circuit repeated that

requirement emphatically in *United States v. McBride*, 362 F.3d 360, 372 (6th Cir. 2004):  The

defendant must also be acting in response to  some pending IRS action of which [he is] aware.

(Citations omitted).

4.    Admittedly, other courts considering the section have generally disagreed with the

---

[1] The remaining counts do not charge Defendant with evasion either.  Counts Two
through Ten charge him with false statements on his personal tax returns, 26 U.S.C. § 7206(1),
and Count Eleven charges him with assisting in making a false statement on a corporate tax
return. *Id.*, § 7206(2).  Count Twelve charges illegal structuring under 31 U.S.C. § 5313(a).

Sixth Circuit.  They do not read into section 7212(a) a requirement that the defendant know there is a pending investigation. *See, e.g., United States v. Crim*, 2007 U.S. Dist. LEXIS 93300 (E.D. Pa., Dec. 13, 2007), at *5-*6; *United States v. Tolliver*, 972 F.Supp. 1030 (W.D.Va. 1997). These cases support what must be the government s implicit theory here.  But in one of those section 7212(a) cases, *United States v. Willner*, 2007 U.S. Dist. LEXIS 75597 (S.D.N.Y., Oct. 11, 2007), the judge also conceded that in most of them the issue was not raised.  Thus,  these cases can no more establish the validity of the Government s theory than Willner s survey of cases of direct interference with IRS can show its invalidity.  *Willner*, 2007 U.S. Dist. LEXIS at *7-*8.

5.    The problem is that Congress squeezed the pertinent language of section 7212(a) into a single, lengthy sentence.  The first part of that sentence seems clear: it states that section 7212(a) punishes anyone who makes threats against  any officer or employee of the United States acting in an official capacity ...   The conduct allegedly committed by the Defendant does not fit that description.  The indictment does not allege that he made any threats against anyone.

6.    The matter gets muddier when trying to interpret the second part of the sentence, often referred to as the  omnibus clause.   That clause adds language that punishes anyone who  in any other way corruptly or by force or threats of force ... obstructs or impedes ... the due administration of this title ...   Though this  omnibus  language could be clearer, the scant legislative history of the statute suggests that it was still intended to involve threats against investigating agents, and with some knowledge that an investigation was underway.  Hence, the legislative history for section 7212(a) reads:

This section provides for the punishment of threats or threatening acts against agents of

3

> the Internal Revenue Service, or any other officer or employee of the United States, or members of the families of such persons, on account of the performance by such agents or employees of their official duties.  This section will also punish the corrupt solicitation of an internal revenue employee .... [I]t covers threats of force (including any threatening letter or communication) or corrupt solicitation.

1954 U.S. Cong. Code & Ad. News 4621, 4784.  Certainly nothing in that statement hints that Congress intended the statute to cover actions taken by a person in the initial preparation of his tax returns that is wholly unconnected to an IRS agent acting in the performance of his investigative duties.

7.    Given the legislative history that appears to have restricted prosecutions under the statute to actions taken against IRS officers in the performance of their duties, it seems quite clear that the Sixth Circuit offers the most logical reading of the statute.  The Sixth Circuit s reading also squares with the interpretation given originally by the Department of Justice.  In *United States v. Henderson*, 386 F. Supp. 1048, 1056 (S.D.N.Y. 1974), the Department argued to the district court that section 7212(a) s purpose  was to prevent intimidation or impeding of Internal Revenue Service Agents by force or threats of force.    Likewise, the United States Department of Justice Manual describes section 7212(a) as one of the statutes that can be used to prosecute assaults on IRS personnel. United States Department of Justice, *Criminal Resource Manual* 1572.  *See also generally United States v. Walker*, 514 F. Supp. 294, 307-09 (E.D. La. 1981) (reviewing legislative evolution of section 7212(a), and noting its beginnings as a way to prosecute threats to IRS agents).

8.    The Tax Division s policy with respect to section 7212(a) is set out in Tax Directive No. 77 (1989).  It states that the use of the omnibus provision  should be reserved for conduct occurring *after a tax return has been filed*   typically conduct designed to impede or

obstruct an audit or criminal tax investigation, when 18 U.S.C. 371 charges are unavailable due to insufficient evidence of conspiracy  (emphasis added).  There is a policy exception when persons engage in large-scale obstructive conduct involving the returns of third parties.  This exception was invoked by the Sixth Circuit in *United States v. Bowman*, 173 F.3d 595, 599 (6th Cir. 1999), decided between *Kassouf* and *McBride, supra*, where the Court applied section 7212(a) to someone who actively engaged in a malicious scheme to cause IRS agents to investigate his creditors.  That exception is not remotely implicated here.

9.     In the instant matter, the government does not allege that there was an existing IRS investigation that the Defendant sought to impede.  That being the case, under this law, Court One has to be dismissed.  There was no investigation going on for which the defendant might interfere. He did not take any actions against IRS agents or interfere with a pending investigation.  He did not violate section 7212(a).

WHEREFORE, Defendant respectfully requests that this Court enter an Order dismissing Court One of the Indictment.

Respectfully submitted,
CHRISTOPHER KELLY


By:     /s/ Barry A. Spevack_____
One of his attorneys

Michael D. Monico
Barry A. Spevack
Theodore R. Eppel
MONICO, PAVICH & SPEVACK
20 South Clark Street
Suite 700
Chicago, Illinois 60603
312-782-8500

6