UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -v- ) | No. 07 CR 837 |
| ) | Honorable Elaine Bucklo |
| CHRISTOPHER G. KELLY, ) | Mag. Judge Schenkier |
| ) | |
| Defendant. ) | |

**MOTION TO PRESERVE AND PRODUCE AGENTS NOTES**

NOW COMES the Defendant, CHRISTOPHER G. KELLY, by and through his attorneys, MONICO, PAVICH & SPEVACK, and respectfully requests that this Court enter an Order on the Government to preserve and ultimately produce notes taken by its agents with respect to the interviews of witnesses in this case.

IN SUPPORT of this motion, Defendant states:

1. The Government has been investigating this matter for a number of years. It has interviewed numerous witnesses. The Government will call these witnesses to testify at trial based on the charges it has brought, and it may call them or others to testify about so-called other acts or intricately related evidence. According to newspaper reports, one of the those potential witnesses in this case, Stuart Levine, met with the Government at least 100 times. Government agents present at these interviews would have taken notes and then prepared written summaries.

2. Assuming the Government provides these written summaries, they will not be adequate substitutes for the notes taken by agents at the time the witness was speaking.

Summaries are likely filtered through the prejudices and agendas of the listening agents and contain the words of the listener as much as the words of the speaker. Summaries do not reveal the order in which the witnesses provided information or where the witness was hesitant or prompted or coached. Though the original notes taken by the agents will themselves be a poor substitute for an actual tape recording, they are still more reliable than summaries the agents prepared upon reflection days or weeks afterwards.

3. Indeed, aforementioned delay makes it even more likely that the transcriber will place his or her own personal spin on what the witness. He is likely to remember statements the way the transcriber wants the statement remembered. This can become a vicious circle if the government thereafter prepares the witness to testify based on the agent s summary, and the witness bases his memory on those summaries rather than his own recollection. The problem gets exacerbated if the witness is someone with motive to curry favor with the Government and therefore will tend to testify in accordance with how he thinks the Government wants him to testify.

4. Defendant therefore requests that the Court enter an Order on the Government to preserve any original notes made by the agents or anyone else present whenever these interviews occurred, to be provided to the Defendant sufficiently in advance of trial so that the Defendant may make effective use of them.

WHEREFORE, Defendant respectfully requests that this Court enter an Order on the Government to preserve the agents original notes of their witness interviews in this case, and to thereafter produce those notes at least thirty (30) days prior to trial.

                                                Respectfully submitted,
                                                CHRISTOPHER G. KELLY

                              By:    s/ Barry A. Spevack
                                      Barry A. Spevack

Michael D. Monico
Barry A. Spevack
Theodore R. Eppel
MONICO, PAVICH & SPEVACK
20 South Clark Street
Suite 700
Chicago, Illinois 60603
312-782-8500