UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 07 CR 837 |
| | ) | | |
| CHRISTOPHER G. KELLY | ) | | Hon. Elaine Bucklo |
| | ) | | |
| | ) | | |
| | ) | | |

DEFENDANT'S MOTION FOR
IMMEDIATE DISCLOSURE OF EXCULPATORY EVIDENCE

NOW COMES the Defendant, CHRISTOPHER G. KELLY, by and through his attorneys, MONICO, PAVICH & SPEVACK, and, pursuant to the Fifth Amendment and the principles set forth in *Brady v. Maryland,* 373 U.S. 83 (1963), *Giglio v. United States,* 405 U.S. 150 (1972), *United States v. Bagley,* 473 U.S. 667 (1986), and *Kyles v. Whitley,* 514 U.S. 419 (1995), respectfully request that the Court enter an Order requiring the Government to disclose immediately any evidence or information in its possession, control, or custody, the existence of which is known or by the exercise of reasonable diligence may become known to the Government, that (1) is favorable to Mr. Kelly, or is material Mr. Kelly's guilt, innocence, or sentencing, or (2) bears upon the credibility of any Government witness.

IN SUPPORT of this Motion, Defendant states:

1. Defendant requests prompt disclosure of all exculpatory evidence, including, but not limited to:

   a. Any and all evidence showing that there was no tax loss (or appreciable tax loss) in the circumstances of this case.

      b.      Any and all evidence showing that there were tax deductions available to the Defendant that were heretofore not taken.

      c.      Any and all written or recorded statements of interviews, with any individual, including Government agents, persons who may have cooperated with the Government, and persons not charged in the indictment, which tend to exculpate or reflect favorably on the Defendant, or which is consistent with the Defendant's innocence.

      d.      The name, last known address and written or recorded statement, or memorandum or notes of interview of any individual whose testimony would be favorable to the Defendant in (or are otherwise consistent with the Defendant's innocence), including but not limited to statements of the Defendant instructed or expected others to conduct themselves in conformance with applicable laws.

      e.      The name, last known address and written or recorded statement, or memorandum or notes of interview of any individual whose testimony would contradict or be inconsistent with the expected testimony of any witness for the Government, whether or not the Government intends to call such a person as a witness.

      f.      Any evidence or information that contradicts or is inconsistent with the expected testimony of any witness for the Government, or that relates to the credibility of any witness the Government intends to call at trial, including, but not limited to evidence or information relating to the commission of crimes (whether or not resulting in prosecution or conviction), bad acts, or the giving of false or misleading statements of any kind.

      g.      Any prior statement or testimony of a Government witness that contains or reflects any contradiction or inconsistency with the expected trial testimony of the witness or with other statements or testimony given or made by the witness.

h. Any documents reflecting any consideration or promise of consideration offered or given to any potential Government witness, or requested by any potential Government witness, including any favors provided to such Government witnesses. This includes, but is not limited to, any correspondence with these potential witnesses and/or their attorneys, and any memoranda of conversations with these witnesses and/or their attorneys regarding the request, offer or provision of any consideration. "Consideration" means anything of value, whether bargained for or not, that arguably could benefit the witness or persons connected with the witness, or be perceived by the witness as a benefit or perceived by the Government as a benefit.

i. Any criminal activity in which a Government witness has engaged, whether that activity has or has not resulted in a prosecution or conviction, including any pending criminal charges.

j. Any statements made by a witness the Government intends to call at trial that arguably reveals an interest, motive or bias of that or any other witness against any of the Defendants and/or in favor of the Government.

2. Defendant respectfully request that this Court's order reflect that the Government is under a continuing obligation to promptly furnish to Defendants any *Brady* or *Giglio* material that comes to the Government's attention through the course of its preparation and trial of this case. *See* Fed.R.Civ.P. 16(c).

WHEREFORE, Defendant respectfully requests that this Court enter an Order requiring the Government immediately to disclose to Defendant any and all exculpatory evidence material to any Defendant's guilt, innocence, or sentencing, or bearing upon the credibility of any Government witness.

13316958.1 42009211                     3

Dated: March 20, 2008                Respectfully submitted,

                                                  CHRISTOPHER G. KELLY

                                  By    /s/ Barry Spevack
                                              One of his attorneys

Michael D. Monico
Barry A. Spevack
Theodore R. Eppel
MONICO, PAVICH & SPEVACK
20 S. Clark Street
Suite 700
Chicago, Illinois 60603
312-782-8500

13316958.1 42009211                    4