UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -v- ) | No. 07 CR 837 |
| ) | Hon. Elaine Bucklo |
| CHRISTOPHER G. KELLY, ) | |
| ) | |
| Defendant. ) | |

### MOTION TO CONTINUE TRIAL DATE

NOW COMES the Defendant, CHRISTOPHER G. KELLY, by and through his attorneys, MONICO, PAVICH & SPEVACK, and respectfully requests that this Court vacate the present trial date in this matter and re-set the trial for a new date at the convenience of the parties.

The Government has no objection to this motion. The only disagreement is with respect to an appropriate new date. Defendant seeks a February 2009 trial date, and the Government would prefer a January 2009 trial date.

IN SUPPORT of this Motion Defendant states:

1. On March 21, 2008 this Court set the trial in this case for November 10, 2008. Prior to that date, Judge Shadur had set United States v. Vrdolyak, No. 07 CR 298, for September 15, 2008. Still earlier, Judge Manning had set United States v. Jesse Boskoff, et al., No. 05 CR 340, for trial on July 14, 2008. Mr. Kelly s lead counsel, Michael D. Monico, also represent Mr. Vrdolyak and Mr. Boskoff.

2.      At the time this case was given a trial date, counsel believed that the Vrdolyak trial would take almost two weeks to try, giving them just enough time to prepare for the instant case when the earlier case concluded.  Counsel s estimation included having enough time prior to the Vrdolyak trial to prepare for both.  Counsel further believed that the Boskoff matter was likely to result in a plea, affording still additional time to prepare for both cases.

3.      Since this case was set, however, it is becoming more apparent that the Vrdolyak trial could take longer than the original estimate.  More significantly, the amount of pre-trial work necessary for the Vrdolyak trial has been increasing, such that the office has had to spend inordinately greater time to prepare for that case at the expense of the instant case.  Counsel can see at this early date that he will not be able to prepare adequately for the instant case given the amount of work required to prepare for and then try the earlier case.

4.      The time problem has been exacerbated because although counsel believed the Boskoff matter would result in a plea, and still expects a plea will result, but in the last few weeks there were doubts about that result and counsel has had to prepare for trial in Boskoff just as if no plea was possible.  Should counsel have to try the Boskoff case, that trial will take three to four weeks.  Further, the trial preparation in Boskoff had cut into the time allotted to prepare for the next two cases.

4.      Counsel has spoken to the Government about moving the instant case and the Government does not object.  Counsel is seeking a new trial in February 2009, but the Government has been indicating it would like the case tried in January 2009.

WHEREFORE, Defendant respectfully requests that this Court continue the November 10, 2008 trial date to a new date that is convenient to the Court and the parties.

                                                Respectfully submitted,
                                                CHRISTOPHER G. KELLY


                                 By:    /s/ Michael D. Monico
                                          One of his attorneys

Michael D. Monico
Barry A. Spevack
Theodore R. Eppel
MONICO, PAVICH & SPEVACK
20 South Clark Street
Suite 700
Chicago, Illinois 60603
312-782-8500