IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>     v.                                                       )<br>                                                              )    No. 07 CR 837<br>**CHRISTOPHER G. KELLY**                         ) | |

## MEMORANDUM OPINION AND ORDER

A grand jury has charged defendant Christopher G. Kelly in a twelve-count indictment. Defendant has moved to dismiss count I. For the following reasons, the motion is denied.

I.

Count I of the indictment charges defendant with a violation of 26 U.S.C. § 7212(a). Count I charges defendant with corruptly impeding the Internal Revenue Service's ("IRS") ability to ascertain and collect his taxes through a variety of means, including: (a) using business funds to pay for personal expenses and thereafter concealing the payments through improper booking of payments as well as the creating of documents falsely describing the nature of the payments; (b) structuring cash withdrawals from the bank for personal expenses and thereafter creating documents falsely describing the withdrawals as business expenses; and (c) moving money through third parties to pay for his personal expenses. (Count I, ¶ 3.) In short, count I alleges defendant endeavored to impede the IRS's ability to properly ascertain and collect the defendant's taxes, including the submission of false

information to the IRS.  Defendant moves to dismiss count I on the ground that the government has failed to allege he was aware of the existence of an on-going proceeding or investigation by the IRS, which he argues is an element of the offense.

## II.

Defendant's motion presents a question of statutory interpretation.  The text of § 7212(a) reads:

> [1] Whoever corruptly or by force or threats of force (including any threatening letter or communication) endeavors to intimidate or impede any officer or employee of the United States acting in an official capacity under this title, or [2] in any other way corruptly . . . obstructs or impedes, or endeavors to obstruct or impede, the due administration of this title, shall, upon conviction therefore, be fined not more than $5,000 or imprisoned not more than three years, or both . . .

The second clause is referred to as the "omnibus clause" and is at issue here.  In moving to dismiss count I, defendant relies on *United States v. Kassouf*, 144 F.3d 952 (6th Cir. 1998) for the proposition that the crime of endeavoring to obstruct the administration of the internal revenue laws requires more than mere efforts to evade taxes, but the additional element of interference with an on-going proceeding or investigation of the IRS.  In opposing the motion, the government points out that *Kassouf* has been limited to its facts by the Sixth Circuit in a subsequent decision, *United States v. Bowman*, 173 F.3d 595, 599-600 (6th Cir. 1999) (affirming conviction under the omnibus clause when defendant submitted false tax forms and there was no IRS proceeding or

investigation pending; and limiting *Kassouf* to situations where the underlying conduct was lawful, involved no misrepresentation to the IRS, and its impact on the administration of the tax code was entirely speculative) and that courts across the country have rejected defendant's proposed interpretation of § 7212(a). *See, e.g., United States v. Massey*, 419 F.3d 1008, 1010 (9th Cir. 2005); *United States v. Crim*, No. 06-CR-00658-2, 2007 WL 4563481, at *2 (E.D. Pa. Dec. 13, 2007); *United States v. Willner*, No. 07 Cr. 183(GEL), 2007 WL 2963711, at *4-6 (S.D.N.Y. Oct. 11, 2007); *United States v. Molesworth*, 383 F.Supp.2d 1251, 1253-54 (D. Idaho 2005); *United States v. Armstrong*, 974 F.Supp. 528, 535-38 (E.D. Va. 1997).

Upon a review of the statutory text and pertinent case law, I conclude § 7212(a)'s omnibus clause does not require a defendant act with knowledge that an IRS investigation is on-going or imminent. First, the text itself is broad, plainly prohibiting "any other . . . endeavors to obstruct or impede the due administration of this title" in addition to those identified in the first clause. The case law has consistently found this broad language includes the government's efforts to collect taxes as set forth in the remainder of "this title" (i.e. the tax code). *See, e.g, Massey*, 419 F.3d at 1010; *Crim*, 2007 WL 4563481, at *2; *Willner*, 2007 WL 2963711, at *4-6; *Molesworth*, 383 F.Supp.2d at 1253-54; *Armstrong*, 974 F.Supp. at 535-38. Second, contrary to

defendant's argument, the legislative history is — at best — ambiguous. While both the Senate and House reports refer to § 7212(a) solely as providing "for the punishment of threats or threatening acts against agents of the [IRS], or any other officer or employee," they are silent on the significance of the omnibus clause. *See* 1954 U.S. Code Cong. And Adm. News, pp. 4574, 5254. Defendant's attempt to invoke this silence in the legislative history to overcome the broad statutory text would render the omnibus clause essentially superfluous. Finally, the weight of authority against defendant's interpretation is significant. Numerous courts have rejected defendant's proposed interpretation of § 7212(a) and limited or rejected *Kassouf*. I find their collective reasoning persuasive and will not duplicate it here. Accordingly, defendant's motion is denied.

### III.

For the foregoing reasons, deny defendant's motion I to dismiss count I.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: July 8, 2008

4